In the Matter of RICHARD H. BERG (Admitted as RICHARD HARVEY BERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 16, 1988

**APPEARANCES OF COUNSEL**

*Robert Straus (Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this court on April 5, 1972.

It is charged in this proceeding that after respondent was retained to defend a client in a criminal matter, the client's sister contributed $1,500 towards her brother's cash bail fund in order to obtain his release. The respondent then asked the sister to assign her share of the bail fund to the respondent to be used to pay legal fees, and the sister refused. Thereafter, by letter dated February 29, 1984, the respondent requested the client's sister to execute an assignment of the cash bail collateral to the respondent with the specific agreement that the respondent would return the sister's share of the bail fund upon the completion of her brother's case. On March 28, 1984, the sister executed the assignment and returned it to the respondent. After the criminal matter was completed, the respondent requested and subsequently received the return of the bail fund in the amount of $2,450 which funds were then deposited into the respondent's bank account. Despite her demands, the respondent refused to return the $1,500 to the client's sister and applied the funds towards the payment of his legal fee.

The Special Referee sustained this charge of professional misconduct. The petitioner moves to confirm the report of the Special Referee to the extent that it sustained the charge of misconduct, and moves to disaffirm said report to the extent that the Special Referee found the respondent's misconduct to be unintentional.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee to the extent that the respondent engaged in professional misconduct. We disagree with the report to the extent that it found that the respondent's misconduct was unintentional. We find that the respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter. Although the respondent had earned his legal fee and was still due a portion of the fee, he had no right to use his client's sister's share of the cash bail to satisfy his fee. These funds were, in essence, trust moneys which the respondent had promised to return to her. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year effective March 15, 1988, and

until the further order of this court. Further, the respondent shall be required to reimburse Deborah Richards, the sister of his client, with the sum of $1,500 as a condition of his reinstatement.

MOLLEN, P. J., MANGANO, BRACKEN, BROWN and SPATT, JJ., concur.